UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY O. O'HARA #414407, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-74 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| JERI-ANN SHERRY, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Timothy O. O'Hara, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Jeri-Ann Sherry, Assistant Deputy Warden Danley, Resident Unit Officer Adam Bernhardt, Resident Unit Officer Pelto, Resident Unit Officer Alexander, Resident Unit Officer Steele, and other unnamed John Doe Defendants.

Plaintiff alleges that property has been stolen from his cell on three separate occasions. Plaintiff claims that he complained about the theft to Defendants Bernhardt and Steele, as well as to other staff, but that no corrective action was taken. Plaintiff then contacted Defendant Dunton, who refused to do anything about the theft. Plaintiff subsequently filed a grievance and appealed the denial of the grievance to step III.

Plaintiff contends that all employees work the same housing unit every day and know each prisoner. Plaintiff further states that URF employees determine the "total existence" of prisoners, such as sleeping, walking, speaking, working, playing, eating, voiding and being alone. Plaintiff asserts that Defendants are more interested in reading, eating, and playing crossword puzzles and computer games while on the job, all of which violates policy. Plaintiff alleges that because of the above activities, Defendants failed to note who took Plaintiff's property or to protect said property. Plaintiff also states that Defendant Sherry failed to make her subordinates comply with rules and policy. Plaintiff seeks damages and costs.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

- 3 -

Plaintiff's claims are the type that may be grieved.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000).  The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits."  *Knuckles El*, 215 F.3d at 642.  Plaintiff attaches to his complaint copies of grievances filed against Defendants Bernhardt, Pelto, Alexander, and Steele.  However, Plaintiff fails to attach copies of any grievances filed against the remaining defendants.  An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies.  *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999).  The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits."  *See Knuckles El*, 215 F.3d at 642.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule.  Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action.  *Jones Bey v. Johnson, et al.*, ___ F.3d ___, No. 03-2331, slip op. at 4-6 (6th Cir. Apr. 27, 2005).  Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).  Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Omar*

- 4 -

*v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997).  Accordingly, the Court

may dismiss Plaintiff's action without prejudice.

However, the Court need not first require exhaustion of available administrative

remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief."  42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th

Cir. 1998).  Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the

court will dismiss his action without first requiring plaintiff to exhaust any available administrative

remedies.

III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*,

510 U.S. 1177, 114 S. Ct. 1218 (1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege the violation of a right secured by the federal Constitution or laws and must show that the

deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42,

48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th

Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive

rights itself, the first step in an action under § 1983 is to identify the specific constitutional right

allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S.

527 (1981), *overruled in part* by *Daniels v. Williams*, 474 U.S. 327 (1986).  Under *Parratt*, a person

- 5 -

deprived of property by a "random and unauthorized act" of a state employee has no federal due-process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Mitchell v. Fankhauser*, 375 F.3d 477, 483-84 (6th Cir. 2004). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶ II(B) (effective Sept. 24, 1998). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112 ¶ II(B). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a); *see Green v. State Corrections Dep't*, 192 N.W.2d 491 (Mich. 1971) (state liable for tortuous injury sustained by a sentenced convict at the Detroit House of Correction).

Plaintiff attaches to his complaint a copy of his "claim for property loss" to the State Administrative Board, as well as the denial of that claim.  However, the fact that Plaintiff was unsuccessful in his claim for damages to the State Administrative Board does not mean that the state post-deprivation remedies are inadequate.  In fact, the Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property.  *See Copeland*, 57 F.3d at 480.  Accordingly, Plaintiff's due process claims regarding the loss of his property lack merit..

In addition, the court notes that Plaintiff's claims against Defendant Sherry rely solely on her position as the warden of URF.  Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a

- 7 -

supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Sherry was personally involved in the activity which forms the basis of his claim. Defendant Sherry's only role in this action involves the denial of administrative grievances or the failure to act. Defendant Sherry cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant Sherry are properly dismissed for lack of personal involvement.

**<u>Conclusion</u>**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Date:    May 6, 2005              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT  JUDGE